[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 20, 1999, the plaintiff moved to cite-in as a party defendant the law firm of Reiner, Reiner Bendett ("prospective defendant"), which is the counsel for the defendant, Empire Mortgage Limited Partnership ("defendant"). The reasons the plaintiff cites for joining the prospective defendant is for professional misconduct, harassment, aiding and abetting fraud, aiding and abetting extortion, extortion and activities which denied the plaintiff due process of law. The plaintiff argues that the prospective defendant is an accomplice to the acts alleged against the defendant and that the prospective defendant committed numerous acts against the plaintiff relating to the plaintiff's action against the defendant.
The defendant and prospective defendant filed an objection to the plaintiff's motion on June 14, 1999. They object on the grounds that the prospective defendant is not an indispensable party to this action, it would be unjust and would impose unnecessary hardship on the defendant to join its counsel as a party to this action, and the plaintiff's reasons for citing in the prospective defendant are irrelevant to the current matter.
The joinder of parties is governed by General Statutes §52-102 and Practice Book § 9-18, formerly § 99. Section52-102 provides: "Upon motion by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy."
Our Supreme Court has held that "[a] court may refuse to CT Page 12967 proceed with litigation if a claim cannot properly be adjudicated without the presence of those indispensable persons whose substantive rights and interests will be necessarily and materially affected by its outcome. . . . `Parties have been termed indispensable when their interest in the controversy is such that a final decree cannot be made without either affecting that interest or leaving the controversy in such condition that its final disposition may be inconsistent with equity and good conscience.'" Hilton v. City of New Haven, 233 Conn. 701, 722,661 A.2d 973 (1995). See also Mannweiler v. LaFlamme,232 Conn. 27, 32-33, 653 A.2d 168 (1995); Sturman v. Socha, 191 Conn. 1,6-7, 463 A.2d 527 (1983). "Necessary parties, however, have been described as `[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [b]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.'" Sturman v.Socha, supra, 191 Conn. 6-7.
The plaintiff is seeking to bring numerous claims against the prospective defendant which relate to the causes of action against the defendant. The plaintiff, however, has not argued that the prospective defendant is an indispensable party to this action. Instead, it appears from the plaintiff's motion that the prospective defendant is merely a necessary party. Any decision rendered in the present case will not affect any interest of the prospective defendant and will not leave this matter subject to future inconsistency because the causes of action proposed against the prospective defendant are separate and distinct from those against the defendant. The plaintiff's motion therefore is denied.
Thomas G. West, J.